J-S06020-26
J-S06021-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVELL SHORT | : | |
| | : | |
| Appellant | : | No. 767 WDA 2025 |

Appeal from the PCRA Order Entered May 27, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004651-1990

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVELL F. SHORT | : | |
| | : | |
| Appellant | : | No. 1037 WDA 2025 |

Appeal from the PCRA Order Entered May 27, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005386-1990

BEFORE:   KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED: July 21, 2026**

---

[*] Former Justice specially assigned to the Superior Court.

Devell Short ("Short") appeals from the orders dismissing his serial Post Conviction Relief Act ("PCRA")[1] petitions, styled as petitions for writ of *habeas corpus ad subjiciendum*.[2]  We affirm.

We set forth the relevant factual and procedural history as gleaned from the PCRA court's opinion.  In June 1990, a jury convicted Short of first-degree murder for shooting Tierenzo Morton, at No. 4651-1990, and carrying a firearm without a license at No. 5386-1990.  *See* PCRA Court Opinion, 10/14/25, at 2.  The trial court imposed a mandatory life sentence for first-degree murder and a concurrent sentence for the firearms conviction.  *See id*.  This Court affirmed Short's judgment of sentence.  *See Commonwealth v. Short*, 654 A.2d 602 (Pa. Super. 1994) (table), and the Pennsylvania Supreme Court denied allocatur on March 15, 1995.  *See Commonwealth v. Short*, 657 A.2d 490 (Pa. 1995).  Accordingly, Short's judgment of sentence became final ninety days later, on June 13, 1995.  Between 1996 and 2022, Short filed seven PCRA petitions, each of which were dismissed, and each dismissal was affirmed on appeal.  *See* PCRA Court Opinion, 10/14/25, at 3.[3]

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

[2] Given the common facts and law involved at these two dockets, we consolidate the appeals *sua sponte*.  *See* Pa.R.A.P. 513.

[3] Short also filed a writ of *habeas corpus* in federal court which was dismissed.  *See* PCRA Court Opinion, 10/14/25, at 3 n.1.

In November 2022, Short filed a "Petition for Writ of *Habeas Corpus Ad Subjiciendum*" ("the petition") in the civil division of the Court of Common Pleas of Allegheny County, at No. GD-22-14159. The petition named as defendants Melinda Adams, the Superintendent/Warden at the State Correctional Institution ("SCI") at Mercer, and George Little, an employee of the Pennsylvania Department of Corrections. *See id*. In the petition, Short referred to his conviction and sentence of life imprisonment, some of the procedural history of his appeals and PCRA proceedings, and "Legal Facts of New Discovery," which consisted of references to various sections of the crimes and sentencing codes. *See id*. Short's petition set forth five "Questions to the Court" related to his convictions and sentencing, which stated as follows:

1. How does someone Get Convicted of 1st Degree Murder if PA has no Law Governing how to properly Sentence a NON-CAPITAL Offense?

2. How is it after reviewing My Case and other Cases that were Convicted of Criminal Homicide, that The Judge and the DA VIOLATED Courtroom Procedure by Dismissing The Jury without the second Deliberation Phase between Aggravating and Mitigating Factors, The [sic] knew that the DA did not file the proper paperwork to even allow the Jury to do this part of the trial?

3. How was it that the court was even allowed to Sentence Someone, on a "REPEALED STATUTE" that was no longer Inforced [sic] Between December 5, 1980, to May 8, 1995?

4. If the State Constitution was updated 4 to 5 times and no SAVINGS CLAUSE was done in "1968" making ALL

CRIMINAL CODES INVALID and PENAL CODE CITATION NUMBER ILLEGAL, and The Constitution says First This Shall Never be Amended or Updated and this Happened with out [sic] CONGRESSIONAL CONSENT, to do so. How is anyone Legally being charged with a Crime and put in Prison and None of the Criminal States are Valid?

5. I was Sentenced to a Term of Life Imprisonment, but it says Imprisonment is Illegal only terms of Total Confinement are no Authorized I PA DOC [sic] if this is true, how is it that I have been Held in prison now going on 32 years?

*Id*. at 3-4.

Between March 2023 and May 2024, Short filed several pleadings entitled "motion to advance," as well as a request for the entry of default judgment. *Id*. at 4. On November 19, 2024, the administrative judge of the civil division transferred the case to the criminal division of the court of common pleas pursuant to 42 Pa.C.S.A. § 5103. *See id*.[4]

On May 23, 2024, Short filed a petition for writ of *mandamus* with the Pennsylvania Supreme Court, docketed at No. 45 WM 2024, related to the civil division docket. *See id*. The petition was denied by the Supreme Court on December 17, 2024. Short's Application for Reargument was denied on March 14, 2025. *See id*.

In the interim, and following the transfer of the petition to the criminal division, in January 2025, the PCRA court issued a notice of intent to dismiss

---

[4] Short filed an objection to the transfer in February 2025. *See* PCRA Court Opinion, 10/14/25, at 4.

- 4 -

Short's petition without a hearing. *See id*. Short requested, and was granted, an extension of time to respond. Following Short's response, the PCRA court dismissed Short's petition on May 28, 2025. *See id*. Short timely appealed, and both he and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Short raises the following issues for our review:

1. The Common Pleas Court lacked jurisdictional authority to render order(s) concerning the civil action at No. GD-22-14159 due to[:] case action in concerns with this case was still pending before the Pennsylvania Supreme Court at No. 45 WDA 2024 wherein the court "abused discretion."

   a. Opinions are subject to review under the approach reserved for the law's due process and equal protection of the law.

   b. Is there relief eligibility when [Short's] eighth amendment [right] was violated due to the judge's culpability.

2. The Common Pleas Court judge "abused discretion" by transferring [the] civil action [*habeas corpus*] [sic] at No. GD-22-14159 into the criminal division '*sua sponte*' wherein none of the merits were cognizable under PCRA confines.

3. The common pleas court judge "abused discretion" by acting as the 'advocate' for the Respondents/attorney(s) for respondents as no oppositions and/or; adverse motion(s) were filed by the respondents or their attorneys.

4. The common pleas judge is "abusing discretion" by violating this plaintiff's rights Under: due process of law and: equal Protection of the law for failure to grant a/the Default judgement that is/was due plaintiff as the respondents/attorneys for respondents never answered to the initial filing [*habeas corpus* action] within the civil division at No. GD-22-14159- action that was pending for over (2) two years without any type of oppositions towards.

- 5 -

    5. Both the common pleas/ state courts and the appellate court judges "abused discretion" by not conducting any type of evidentiary hearing(s) on the merit of any previous issues raised or on the present claims/pro se actions.

        a. It was an abuse of discretion – judicial failure in the case based on the petition's default judgment motion(s) filed in good faith to advance his original claims and to keep this action alive within the 120-day Period. . . Namely his Little/Adams objection filed against the abuse of discretion commit[t]ed by trial courts [sic] erroneous transfer of civil action to the criminal courts division and then then recharacterization of the original *habeas* filing.

Short's Brief, No. 767 WDA 2025, 12/1/25 (unnumbered at 16, 18, 19, 21-22, 25-26) (unnecessary capitalization omitted; some brackets in original).[5]

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (internal citations and quotations omitted). The PCRA petitioner has the burden to persuade the

---

[5] While there are minor differences between the briefs, the issues presented at No. 1037 WDA 2025 are virtually identical to those in No. 767 WDA 2025. Additionally, the PCRA court addressed the claims together, as did the Commonwealth. Citations to the brief herein are to the brief filed at No. 767 WDA 2025, which is representative of the arguments in the brief at No. 1037 WDA 2025.

appellate court that the PCRA court erred and that such error requires relief. *See Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018). Further, it is well settled that an appellate court may affirm a valid judgment or order for any reason appearing as of record. *See id*. at 145. *See also Commonwealth v. Hamlett*, 234 A.3d 486, 493 (Pa. 2020) (expressly affirming the continuing validity of the right-for-any-reason doctrine); *Commonwealth v. Thompson*, 199 A.3d 889, 892 n.4 (Pa. Super. 2018) (applying the doctrine).

Additionally, "there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008) (internal citation, quotations, and brackets omitted). *See also Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (providing that a PCRA court need not hold an evidentiary hearing, but, rather, may dismiss without an evidentiary hearing where there are no genuine issues of material fact in controversy).

This Court has explained the writ of *habeas corpus* can only support the grant of post-conviction relief where the PCRA does not provide a potential remedy, and that a petitioner cannot avoid the PCRA time-bar by changing the name of his post-conviction petition:

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

***Commonwealth v. Taylor***, 65 A.3d 462, 465–66 (Pa. Super. 2013) (internal citations, quotations, and footnote omitted). The writ of *habeas corpus* exists only as an independent basis for relief ***in cases in which there is no remedy under the PCRA***. ***See Commonwealth v. P. Taylor***, 283 A.3d 178, 189 (Pa. 2022). If a petitioner raises a challenge to the legality of his sentence in a writ of *habeas corpus ad subjuciendum*, the claim is cognizable under the PCRA. ***See Commonwealth v. Wheeler***, 314 A.3d 1286, 1289 (Pa. Super. 2024).

In his first two issues, Short argues the Court of Common Pleas improperly transferred his case from the civil to criminal division and wrongly construed his *habeas corpus* petition as a PCRA petition. ***See*** Short's Brief (unnumbered at 16-19).

Following our review, we conclude Short has failed to develop any argument that his challenges to the validity of his sentence were properly raised in a petition for writ of *habeas corpus* relief because the claims were not cognizable under the PCRA. Accordingly, Short has not carried his burden of proving the Court of Common Pleas erred in transferring his case to the

criminal division or that the court erred in treating his petition for writ of *habeas corpus* as a PCRA petition. **See P. Taylor**, 283 A.3d at 189 (providing the writ of *habeas corpus* is only available where claims are not cognizable under the PCRA).

Short additionally argues the Common Pleas Court lacked jurisdiction over his case because his petition for writ of mandamus was pending in the Pennsylvania Supreme Court at the time. **See** Short's Brief (unnumbered at 16). However, after the Supreme Court dismissed Short's petition for writ of *mandamus*, it denied Short's application for reconsideration/reargument on March 14, 2025. **See** Docket Sheet, 45 WM 2024, at 3. Accordingly, the Supreme Court no longer had jurisdiction over the case, and the PCRA court thus regained jurisdiction thirty days later, on April 14, 2025. **See Commonwealth v. Harris**, 230 A.3d 1124, 1127 (Pa. Super. 2020) (providing that remand occurs thirty days after the entry of a final order or disposition of all post-decision applications, whichever is later, per Pa.R.A.P. 2572(b)). The PCRA court did not dismiss Short's petition until May 28, 2025, more than one month **after** it regained jurisdiction. Further, Short makes no argument that the trial court's order transferring his case from the civil to the criminal division while his petition for writ of mandamus was pending in the Supreme Court was impermissible rather than ancillary to his petition for writ of *mandamus*. **Cf**. Pa.R.A.P. 1701(b)(1) (authorizing trial courts to take action "otherwise ancillary to the . . . petition for review proceeding"). Accordingly,

he has again failed to carry his burden of showing reversible error below. *See Commonwealth v. R. Taylor*, 277 A.3d 577, 590-91 (Pa. Super. 2022) (providing that this Court will not consider the merits of an issue if an appellant fails to properly raise and develop it).[6]

As discussed above, the PCRA court properly construed Short's filing to be a PCRA petition. Additionally, because Short's judgment of sentence became final in June 1995, he had one year to file a timely PCRA petition. Short's November 2022 PCRA petition was thus facially untimely. Therefore, to invoke the PCRA court's jurisdiction over his claims, Short was required to plead an exception to the PCRA's jurisdictional time-bar, which he has failed to argue on appeal. Consequently, we conclude the PCRA court properly dismissed Short's PCRA petition. *See* PCRA Court Opinion, 10/14/25, at 6 (concluding Short's PCRA petition was untimely without an applicable timeliness exception); 42 Pa.C.S.A. § 9545(b)(1) (requiring the timely filing of a PCRA petition or a timeliness exception); *Commonwealth v.*

_____

[6] Although this Court liberally construes materials filed by *pro se* parties, we will not act as counsel and will not develop arguments on behalf of an appellant; it is the appellant's duty to present sufficiently developed arguments. *See Commonwealth v. Westlake*, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023).

- 10 -

***Woolstrum***, 271 A.3d 512, 513 (Pa. Super. 2022) (providing that if a PCRA

petition is untimely, courts lack jurisdiction over the petition).[7]

Orders affirmed.

_____

[7] While the untimeliness of Short's petition is dispositive, given the peculiar procedural history of this case, we briefly address Short's remaining assertions of error. In his third issue, Short argues the PCRA court erred in dismissing his petition based on its own analysis, when the Commonwealth did not file a response. ***See*** Short's Brief (unnumbered at 19-21). This Court has held that the Commonwealth is not obliged to answer a PCRA petition unless the court so orders. ***See***, ***e.g.***, ***Commonwealth v. Kapellusch***, 323 A.3d 837, 846-47 (Pa. Super. 2024). Thus, Short's issue merits no relief.

In his fourth issue, Short appears to raise the issue of whether the PCRA court abused its discretion by not granting his petition either because the court, or the Commonwealth and/or named parties, took no action on his petition for two years. ***See*** Short's Brief (unnumbered at 21-25). Our review of Short's argument discloses he presents a combination of equal protection and subject matter jurisdiction assertions. ***See id***. (unnumbered at 22-23). The specific legal theory underlying Short's claim, and the remedy he seeks, are both undeveloped and suffer from a lack of clarity and cogency, which impedes this Court's review. Accordingly, we decline to review this issue. ***See Westlake***, 295 A.3d at 1286 n.8.

In his last issue, Short maintains the PCRA court erred by not holding a hearing prior to entering an order disposing of his petition. ***See*** Short's Brief (unnumbered at 25-27). As noted above, there is no absolute right to an evidentiary hearing on a PCRA petition. ***See Springer***, 961 A.2d at 1264. Short identifies no specific factual issues requiring a hearing, and, as such, we conclude the PCRA court did not err in declining to hold a hearing.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

7/21/2026